UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Sara Bolin,<br><br>            Plaintiff,<br><br>      v.<br><br>Amcol Systems, Inc.; and DOES 1-10, inclusive,<br><br>            Defendants. | Civil Action No.: 4:14-cv-2080<br><br><br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Sara Bolin, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3.      The Plaintiff, Sara Bolin ("Plaintiff"), is an adult individual residing in St. James, Missouri, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4.      Defendant Amcol Systems, Inc. ("AMCOL"), is a South Carolina business entity with an address of 111 Lancewood Road, Columbia, South Carolina 29210, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5.      Does 1-10 (the "Collectors") are individual collectors employed by AMCOL and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6. AMCOL at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. **The Debt**

7. The Plaintiff allegedly incurred a financial obligation (the "Debt") to Mercy Clinic (the "Creditor").

8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to AMCOL for collection, or AMCOL was employed by the Creditor to collect the Debt.

10. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **AMCOL Engages in Harassment and Abusive Tactics**

11. Within the last year, AMCOL contacted Plaintiff in an attempt to collect the Debt.

12. During a conversation taking place on August 4, 2014, Plaintiff attempted to explain why she was having trouble making payments to AMCOL. In response, AMCOL falsely accused Plaintiff of having no intention of paying the Debt.

13. Furthermore, during the same conversation AMCOL stated that they had to charge Plaintiff a processing fee for taking Plaintiff's payment over the phone. AMCOL provided Plaintiff with no alternative payment method.

14. When Plaintiff inquired as to why AMCOL had not sent her an initial letter informing Plaintiff of her rights, AMCOL falsely stated that as debt collectors they were not allowed to send letters, they were only allowed to make calls.

15. AMCOL's rude behavior and false statements caused Plaintiff to incur significant

mental distress and confusion.

C. **Plaintiff Suffered Actual Damages**

16. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

17. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.***

18. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

20. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

21. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

22. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

23. The Defendants' conduct violated 15 U.S.C. § 1692f(1) in that Defendants attempted to collect an amount not authorized by the agreement creating the Debt.

24. The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed

to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

25. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

26. The Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);
2. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);
3. Punitive damages; and
4. Such other and further relief that the Court may deem just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: December 18, 2014

Respectfully submitted,

By:  __/s/ Sergei Lemberg_____

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff

4